# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES LEE DAVIS, | Civil Action No. 16-139 |
| | Judge Cathy Bissoon/ |
| Plaintiff, | Chief Magistrate Judge Maureen P. Kelly |
| v. | |
| WILKINSBURG POLICE DEPARTMENT, KIM MARIE HOOTS, and MICHAEL BENDER, | |
| Defendants. | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this case be dismissed with prejudice for failure to prosecute.

### II. REPORT

At the time James Lee Davis ("Plaintiff") initiated this civil rights action, he was incarcerated in the Allegheny County Jail ("ACJ"). Plaintiff, proceeding *pro se*, sued various defendants involved in his arrest and the related state court criminal proceedings arising out of that arrest.

Because Plaintiff has failed to respond to two orders of Court, the Complaint should be dismissed with prejudice for failure to prosecute.

Plaintiff initiated this action in February 2016, by sending in a Complaint, accompanied by a motion for leave to proceed in forma pauperis ("IFP Motion"). ECF No. 1. However, Plaintiff failed to furnish service copies of the Complaint as well as other forms required to effectuate service. Accordingly, the Court issued a Deficiency Order, giving Plaintiff until

March 16, 2016 to rectify the deficiencies. ECF No. 3. Plaintiff failed to cure the deficiencies by the deadline. Accordingly, the Court then issued an Order to Show Cause why the case should not be dismissed due to Plaintiff's failure to cure the deficiencies. ECF No. 9. Plaintiff's response to the Order to Show Cause was due by May 2, 2016. Plaintiff never filed a response.

A district court has the inherent power to *sua sponte* dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by*, Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors known as the Poulis factors[1] when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth the following six factors to be considered: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of

---

[1] See, e.g., Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) ("In considering the second *Poulis* factor . . ."). Poulis refers to Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the Court of Appeals. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Indeed, the United States Court of Appeals for the Third Circuit has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. *See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988). Instead, the decision must be made in the context of the district court's extended contact with the litigant." Id.

This Court now applies the six Poulis factors to the matter at issue.

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. The responsibility for his failure to respond to the orders in question is Plaintiff's alone.

(2) Prejudice to the adversary.

There is no indication that Defendants have been prejudiced by Plaintiff's failures to respond to orders of this Court.

(3) A history of dilatoriness.

Plaintiff's failure to perform the simple task of filing service forms in this Court's view, indicates that he does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure to respond to the Court orders was the result of any "excusable neglect," Poulis, *supra*.

(5) Alternative sanctions.

Plaintiff is proceeding *pro se* and has not responded to the Court's orders.  It is not clear that any sanction other than dismissal will properly redress Plaintiff's conduct.

(6) Meritoriousness of Plaintiff's case.

Plaintiff's federal claims do not appear to be meritorious but it is difficult to assess from Plaintiff's bare bones allegations.

In light of the foregoing, we find that the Poulis factors weigh in favor of dismissal. Consequently, the Complaint should be dismissed with prejudice.

## III. CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Plaintiff's case be dismissed with prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.

Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

RESPECTFULLY SUBMITTED:

Date:  October 17, 2016 /s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Cathy Bissoon
United States District Judge

JAMES LEE DAVIS
DOC #169791
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219-3100